Gaston, Judge,
 

 having stated the case as above, proceeded as follows: By the operative words of the deed, the whole legal interest of the bargainor in the subject matter of the conveyance passed to the plaintiff, subject to a condition subsequent, upon the happening of which, that interest was to be divested. But, in the mean time, and unless that condition should be performed by the bargainor, the interest of the plaintiff was, in law, absolute. In the contemplation, however, of a Court of Equity, the conveyance was but a security for the payment of a debt, and the plaintiff a trustee, holding the legal estate subject-to the trusts in the deed contained. One of these trusts was, that until failure in the performance of the condition, the bargainor should retain the possession, use and enjoyment of the property. If this beneficial interest of the bargainor were liable to seizure and sale under execution, then it would seem that the taking of the .slave Isaac, under the execution of the defendant, Fleming, might have been justified. But it was not so liable. The common law knew nothing of,, and of course regarded not
 
 equitable
 
 interests; and, under our statute of 1812, re-enacted in Revised Statutes, title Executions, ch. 45, sec. 4, this -interest, if equitable merely, was not subject to executions, because it was not co-extensive with the legal interest. See
 
 McKay
 
 v. Williams, 1 Dev. & Bat. Eq. Rep. 398. The taking and detention of the slave in question were, therefore, tortious; and, for this injury, the defendants were in law liable to him who at law owned and held the slave. Such is the view which must be taken of the case, if the interest reserved in the deed to the bargainor be purely an equitable interest. But if it be of a legal nature. — so that
 
 at
 
 law, the bargainor was the temporary owner of the slave until failure of the condition, the result would be very different. The plaintiff could not then maintain trover for a conversion of the property, while this legal interest was outstanding in another — -mpr- could he set up a mere
 
 voluntary
 
 surrender of this interest to the injury of an existing creditor — and the interest itself would be the subject of seizure and sale, under Fleming’s execution.
 

 
 *163
 
 We are of opinion that the interest reserved to the gainor was purely equitable. The
 
 legal
 
 construction of the instrument is, that the dominion thereby passes to the bargainee, subject only to the condition of defeazance; and the bargainee covenants to permit the bargainor to have the possession of the bargainee’s property for a limited time. If the bargainee were to break this covenant, and take possession against the bargainor’s will, before the expiration of that time, the sole remedy of the bargainor would be on the covenant. He could not bring detinue — or trover — or trespass for the property. — because he had no dominion in it. In law, this covenant is personal; and, in law, the covenantee may at pleasure waive it.
 

 We are in this action restrained to the consideration of the legal rights and relations of the parties. And it by no means follows, that because according to these, the plaintiff must be regarded as the owner of the property under the deed from the time of its execution, therefore he is not to account, in a proper forum, for the
 
 profits
 
 of the property until there was a sale pursuantly to the requisitions of the deed.
 

 Per Curiam. Judgment affirmed.